UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-00277-TWP-TAB |
| | ) | |
| DUJUAN LUCAS | ) | |
| a/k/a DEJUAN LUCAS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER DIRECTING TREATMENT OF POST-JUDGMENT MOTION AND OPENING OF NEW CIVIL ACTION

Defendant DuJuan Lucas has sent a letter to the Court, challenging the calculation of his criminal history score at the time of his sentencing. Dkt. [116]. The Court construes the letter as a motion challenging the correctness of his sentence.

Section 2255 of the United States Code provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "'[R]elief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *Hanson v. United States*, 941 F.3d 874, 876 (7th Cir. 2019) (quoting *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (internal quotations omitted)). Any motion filed in the district court that imposed the sentence, and substantively within the scope of 28 U.S.C.

§ 2255(a), is a motion under § 2255, no matter what title the petitioner gives it. *Adams v. United States*, 911 F.3d 397, 404 (7th Cir. 2018); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover."); *Hare v. United States*, 688 F.3d 878, 880 n. 3 (7th Cir. 2012) (A court should "look at the substance of a motion rather than its title to determine whether it is a successive collateral attack" in order "to police attempted end-runs around the successive petition limitations of § 2255 by restyling motions in different ways.").

Mr. Lucas's letter challenging the calculation his sentence shall be treated as a motion seeking relief pursuant to 28 U.S.C. § 2255. Accordingly, the following steps shall be taken:

1. The **clerk shall rename** the motion, dkt.[116], as a motion to vacate, set aside, or correct sentence (2255).

2. The **clerk shall** open a new civil action in the Indianapolis Division and re-docket the motion, dkt. [116], as Mr. Lucas's motion for relief pursuant to 28 U.S.C. § 2255.

3. The Nature of Suit of the new civil action will be 510 and the Cause of Action will be 28:2255.

4. Consistent with Rule 4 of the Rules Governing Section 2255 proceedings, this new civil action shall be assigned to Chief Judge Tanya Walton Pratt, the sentencing judge.

5. A copy of this Order shall be docketed in the newly opened civil action.

**IT IS SO ORDERED.**

Date: 5/28/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

DEJUAN LUCAS
#17743-028
FCI GREENVILLE
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
GREENVILLE, IL 62246